GRB USAO#2012R00479

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 MAY -1 PM 12: 02
CLERK'S OFFICE
AT BALTIMORE
BY__________DEPUTY

KOB
4/30/15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. WDQ-14-0515** |
| | * | |
| **WILFRED T. AZAR, III,** | * | **(Securities Fraud, 15 U.S.C. § 78j(b)** |
| | * | **and 78ff(a), 17 C.F.R. § 240.10b-5,** |
| **Defendant** | * | **Subscribing to a False Return, 26** |
| | * | **U.S.C. § 7206(1), and 18 U.S.C. § 2)** |
| | * | |
| | * | |

*******

**SUPERSEDING INFORMATION**

**COUNT ONE**
(Securities Fraud)

The United States Attorney for the District of Maryland charges that:

**INTRODUCTION**

At all times relevant to this Information:

1. Empire Corporation, incorporated in Maryland, was the sole owner of Empire Towers Corporation. Empire Towers Corporation's primary asset was Empire Towers, a ten-story office building in Glen Burnie, Maryland.

2. **WILFRED T. AZAR, III** was a resident of Queenstown, Maryland. He was the president and majority owner of Empire Corporation and Empire Towers Corporation. He was also an owner of other real estate ventures and a yacht brokerage business.

## THE SCHEME TO DEFRAUD

3. From in or about January, 2006, through and including April 2010, in the District of Maryland, and elsewhere,

**WILFRED T. AZAR, III**

did knowingly and willfully, by the use of means and instrumentalities of interstate commerce and of the mails, directly and indirectly, used and employed manipulative and deceptive devices and contrivances, in connection with the purchase and sale of securities, that is, Empire Corporation bonds, and did (a) employ a device, scheme, and artifice to defraud, (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others, in connection with the purchase and sale of these securities, in that, when selling at least $7,000,000 worth of Empire Corporation bonds to investors, he falsely told the investors that the money would be used to renovate the Empire Towers office building when, in fact, he intended to use much of the money to pay his personal expenses and he failed to inform these investors that Empire Corporation was having difficulty paying its expenses and that he had used the proceeds from previous Empire Corporation bond sales for personal purposes.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

4. By January 2006, Empire Corporation's financial condition had deteriorated to the point that the company was no longer able to pay its expenses and was effectively insolvent. By the following year, Empire Towers Corporation had exhausted its lines of credit from lending institutions.

5. From in or about January 2006 through in or about April 2010, **WILFRED T. AZAR, III** caused Empire Corporation to sell bonds to more than fifty individual investors for more than $7 million. While many of the bonds were titled "registered," the bonds were not registered with either the U.S. Securities and Exchange Commission nor with the State of Maryland.

6. **WILFRED T. AZAR, III** made false and misleading statements to the investors who purchased the Empire Corporation bonds. He falsely told investors that Empire Corporation was in good financial health despite the fact that the company was having difficulty paying its expenses. He also failed to inform the investors that he had used most of the money raised from previous bond sales for his own personal purposes.

7. Although the bonds were issued by Empire Corporation, **WILFRED T. AZAR, III** diverted millions of dollars of the proceeds from the bond sales to his own bank account and bank accounts of other companies that he controlled. He used the diverted money to pay his own personal expenses, including the purchase of luxury vehicles and vacations, as well as to finance his other real estate ventures and his yacht brokerage business.

8. On or about October 22, 2009, in the District of Maryland and elsewhere, the defendant,

**WILFRED T. AZAR, III,**

knowingly and willfully, by the use of means and instrumentalities of interstate commerce and of the mails, directly and indirectly, used and employed manipulative and deceptive devices and contrivances, in connection with the purchase and sale of securities, that is, Empire Corporation bonds, and did (a) employ a device, scheme, and artifice to defraud, (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made,

in light of the circumstances under which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others, in connection with the purchase and sale of these securities, in that, when selling a $150,000 Empire Corporation bond to investors NB and SB, he falsely told the investors that the money would be used to renovate the Empire Towers office building when, in fact, he intended to use much of the money to pay his personal expenses and he failed to inform these investors that Empire Corporation was having difficulty paying its expenses and that he had used the proceeds from previous Empire Corporation bond sales for personal purposes.

All in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2.

**COUNT TWO**

(Tax Fraud)

The United States Attorney for the District of Maryland further charges:

9. Paragraphs 1-7 of Count One of this Superseding Information are hereby incorporated by reference as if fully set out herein.

10. On or about June 22, 2011, while residing within the District of Maryland, the defendant,

**WILFRED T. AZAR III,**

did willfully make and subscribe a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2009, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said U.S. Individual Income Tax Return, Form 1040, he did not believe to be true and correct as to every material matter in that the said U.S. Individual Income Tax Return, Form 1040, Line 22, reported total income to wit: a loss of $780,909, whereas he then and there well knew and believed that his total income was much higher than was actually reported.

All in violation of 26 U.S.C. § 7206(1)

by/JB
Rod J. Rosenstein
Rod J. Rosenstein
United States Attorney

April 30, 2015
Date